**Robert W. CARPENTER, Petitioner–Appellee/Cross–Appellant,**

v.

**Gary C. MOHR, Warden, Respondent–Appellant/Cross–Appellee.**

Nos. 97–3392, 97–3393.

United States Court of Appeals, Sixth Circuit.

Argued April 28, 1998.

Decided Dec. 18, 1998.

**940**

Dennis C. Belli (argued and briefed), Columbus, OH, for Petitioner–Appellee/Cross–Appellant.

Charles L. Wille (argued), Jon C. Walden (briefed), Office of the Attorney General of Ohio, Columbus, OH, for Respondent–Appellant/Cross–Appellee.

Before: MERRITT, JONES, and NORRIS, Circuit Judges.

## OPINION

NATHANIEL R. JONES, Circuit Judge.

Respondent Gary C. Mohr, a warden for the State of Ohio, appeals from the district court's grant of a conditional writ of habeas corpus to petitioner Robert W. Carpenter. The district court held that Carpenter's appellate counsel on direct appeal in state court was ineffective for failing to raise a sufficiency of the evidence claim, and ordered that the state court reinstate Carpenter's appeal within ninety days or a writ of habeas corpus would be issued. Carpenter cross-appeals from the district court's decision not to decide his remaining habeas claims. For the reasons stated herein, we affirm the district court's determination that Carpenter established cause for procedurally defaulting his insufficient evidence claim. However, we remand the case for issuance of a writ of habeas corpus conditioned upon the state court granting Carpenter a new culpability hearing.

### I.

On the evening of October 5, 1988, Warren Young found the dead body of his adoptive mother Thelma Young,[1] a 73–year–old woman, in her Columbus, Ohio home. She had apparently been bludgeoned to death with a blunt object and repeatedly cut and stabbed with a sharp object and a screw driver. All of the cash kept in her purse and bedroom dresser had been removed. The next day, on October 6, 1988, Carpenter, Warren Young's close friend, telephoned 9–1–1 and stated that he had information concerning the crime. He informed the police officers investigating the crime that while he was attending to his car at a gas station, three men forced him at gun point to the rear of his car, and drove the car to Young's home. At Young's home, two men took Carpenter's shirt and glasses. According to Carpenter,

---

1. All references to "Young" are to Thelma Young.

the three men then forced Carpenter to knock on the door, and when Young answered pushed Carpenter inside. Carpenter asserted that one of the men went with Carpenter into Young's bedroom where he forced Carpenter to dump the contents of Young's purse on the bed. That man then took the money from Young's purse and forced Carpenter into the bathroom. While Carpenter was in the bathroom, Young was murdered. After the men left, Carpenter exited the bedroom, removed a screw driver from Young's mouth, and rolled Young's body onto its back. He retrieved his glasses and shirt that were lying near the body, picked up the screw driver and left the house. The next day he called 9–1–1.

Although the police initially considered Carpenter a witness, he was eventually arrested. The police retrieved a number of items of evidence connecting Carpenter to the crime scene, including pieces of Carpenter's clothing with blood from the victim, as well as a screw driver found in his car. J.A. at 308. Carpenter, however, consistently maintained that although he was present during the murder, others actually committed the crime.[2]

On October 14, 1989, a Franklin County Grand Jury returned an indictment charging Carpenter with one count of aggravated murder with a death penalty specification under Ohio Rev.Code § 2903.01, and one count of aggravated robbery under Ohio Rev.Code § 2911.01. Carpenter initially entered a general plea of not guilty to the charges, but as a result of a plea agreement, waived his right to a jury trial and changed his plea to a conditional guilty plea pursuant to the procedure approved in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in which he pleaded guilty while still maintaining his innocence. During the culpability hearing concerning his guilty plea, held before a three-judge panel, Carpenter asserted his innocence and stated that he pleaded guilty only to avoid the death penalty. J.A. at 253–55. The prosecution then recited its statements of facts concerning the charges, which the parties agreed that the defense would neither admit nor deny. J.A. at 257. No witnesses were called during the culpability hearing and no testimony or exhibits were admitted other than the prosecution's statement concerning the crime. After hearing the prosecution's statement, the three-judge panel accepted Carpenter's plea and found beyond a reasonable doubt that Carpenter had committed the crimes charged in the indictment, including the death penalty specification that Carpenter was the principal offender and committed the murder during the commission of an aggravated robbery. The three-judge panel then conducted a mitigation hearing to determine Carpenter's sentence and subsequently sentenced Carpenter to a life term of imprisonment with no possibility of parole for thirty years on the aggravated murder count, and to a concurrent term of ten years minimum to twenty-five years maximum on the aggravated robbery count.

On October 9, 1990, Carpenter (through counsel) appealed his convictions and sentence to the Ohio Court of Appeals, assigning only one error.[3] The Court of Appeals affirmed the convictions and sentence, and Carpenter did not appeal this decision to the Ohio Supreme Court.

On March 13, 1992, Carpenter applied for post-conviction relief and filed a pro se petition to vacate or set aside his convictions and sentence asserting four errors.[4] The trial court dismissed the petition on June 18, 1992,

---

2. While in jail prior to his culpability hearing, Carpenter apparently confessed to a state psychiatrist a slightly different version of events. In this version, Carpenter still maintained that he was an unwilling participant when three men forced their way into Young's home and killed her; yet admitted that the men were known to him and that he had voluntarily accompanied the men who he claimed had gone to Young's home in order to retrieve a drug debt that Young's son owed them. Carpenter also admitted to being forced to strike Young with the screw driver after she was already dead. J.A. at 613–17.

3. Carpenter's counsel argued that the evidence offered in mitigation established that the only reasonable sentence was a sentence of life with possibility of parole after twenty years rather than thirty. J.A. at 61–69. He did not challenge the sufficiency of the evidence.

4. The claims were: (1) ineffective counsel; (2) improper charging of offenses and improper sentences imposed; (3) *Alford* plea obtained illegally by coercion and threats; and (4) constitutional violations. J.A. at 85–86. He also requested production of documents to support his petition.

finding no substantive grounds for relief. Carpenter then appealed this decision, again pro se, to the Ohio Court of Appeals asserting two errors.[5] After the state's response, Carpenter filed an additional assignment of error pro se.[6] Carpenter then obtained court-appointed counsel and on September 30, 1992, filed another brief asserting one assignment of error.[7] On December 3, 1993, the Ohio Court of Appeals affirmed the lower court decision dismissing Carpenter's petition to vacate, finding that the conclusory statements made in support of his petition were insufficient to state a ground for post-conviction relief. Carpenter (again pro se) appealed to the Ohio Supreme Court which dismissed the appeal on April 14, 1993.

On July 15, 1994, after retaining yet another counsel, Carpenter filed an application to reopen his direct appeal in the Ohio Court of Appeals pursuant to Ohio R.App. P. 26(B), alleging that his original appellate counsel was ineffective because he had failed to raise the sufficiency of the evidence claim on direct appeal. This was Carpenter's first opportunity to raise the claim of ineffective assistance of appellate counsel because under Ohio law such claims cannot be raised in post-conviction proceedings, but must be raised either in a motion for reconsideration in the court of appeals through an application to reopen direct appeal, or in an appeal to the Ohio Supreme Court. *See State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204, 1208–09 (Ohio 1992). The Ohio Court of Appeals dismissed Carpenter's application on September 29, 1994, determining that Carpenter had failed to show good cause for

filing his application beyond the ninety-day period required under Ohio R.App. P. 26(B)(1).[8] Carpenter subsequently appealed this decision to the Ohio Supreme Court, which on January 31, 1996 affirmed the Ohio Court of Appeals' decision in a one sentence per curiam opinion relying on the authority of *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (Ohio 1995).

On May 3, 1996, Carpenter filed a habeas corpus petition with the United States District Court for the Southern District of Ohio. He alleged: 1) insufficiency of the evidence to support his plea and subsequent sentence; 2) ineffective assistance of appellate counsel; and 3) that he was denied a meaningful opportunity to litigate his federal claims in the state courts through the application of Ohio Appellate Rule 26(B). On March 12, 1997, the district court entered judgment for Carpenter on his ineffective assistance of appellate counsel claim and ordered that a writ of habeas corpus conditionally issue unless the Ohio Court of Appeals reinstated Carpenter's direct appeal from the state conviction within ninety days. The district court did not rule on Carpenter's sufficiency of the evidence and lack of meaningful relief claims, deeming them moot. The State timely appeals from this judgment and Carpenter cross appeals from the district court's denial of relief on his two other grounds, as well as the district court's choice of remedy.

## II.

■ This court reviews *de novo* a district court's disposition of a petition for a writ of

5. On that appeal Carpenter argued: (1) the trial court committed reversible error in dismissing his petition to vacate sentence and failing to grant him an evidentiary hearing on his claims; and (2) the trial court erred in not ordering the clerk to convey requested documents to him.

6. The trial court's refusal to allow him requested documents violated his rights under the Ohio Constitution. J.A. at 113–17.

7. The trial court erred by summarily dismissing Carpenter's petition for post-conviction relief without affording him an evidentiary hearing to substantiate his grounds for relief.

8. Ohio Appellate Rule 26(B) provides in pertinent part that a defendant may appeal from a judgment of conviction or sentence based on a

claim of ineffective assistance of appellate counsel by filing an application to reopen the direct appeal "in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio R.App. P. 26(B)(1). Rule 26(B) also provides that an application will be granted "if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Ohio R.App. P. 26(B)(5).

Carpenter's direct appeal was journalized on March 21, 1991, two years before the effective date of this rule, and therefore the court treated the effective date of the rule, July 1, 1993, as the start date for the time requirement. Carpenter filed his application to reopen the direct appeal on July 15, 1994, more than ninety days after the effective date of the rule.

habeas corpus, but nonetheless reviews the district court's factual findings for clear error. *Groseclose v. Bell,* 130 F.3d 1161, 1163 (6th Cir.1997); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir.1996); *Warner v. United States,* 975 F.2d 1207, 1215 (6th Cir.1992).

■ We first address Carpenter's cross-appeal because the resolution of that appeal in Carpenter's favor would render the State's appeal moot. Carpenter argues that the district court erred on several grounds by failing to reach the merits of his sufficiency of the evidence claim.[9] First, he argues that the district court erroneously applied the four part *Maupin* test for state procedural default.[10] The district court determined initially that Carpenter's sufficiency of the evidence claim was waived for purposes of habeas review because he failed to assert it in state court making it barred there due to res judicata. *See State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104, 105 (Ohio 1967) (applying res judicata to bar claim of ineffective assistance of counsel in state court); *State v. Sowell,* 73 Ohio App.3d 672, 598 N.E.2d 136, 140 (Ohio Ct.App.1991) (same). Neither party contests this ruling. The district court then determined that in order to hear the claim on federal habeas review, it must decide if Carpenter had asserted "cause and prejudice" for the state procedural default. *See, e.g., Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994) ("If a habeas corpus petitioner is barred from presenting one or more of his claims to the state courts because of procedural default, he has waived those claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error."); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996); *see also Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594

(1977). As "cause" for his failure to raise the sufficiency of evidence claim in state court on direct appeal, Carpenter asserted, as he is permitted to do, the ineffective assistance of his appellate counsel. *See Gravley,* 87 F.3d at 785 ("Attorney error that amounts to ineffective assistance of counsel can constitute 'cause.' "). The district court then determined that because a federal court may not consider ineffective assistance of counsel as cause for a procedural default unless the claim was itself presented to the state court as an independent claim, it was required to first determine whether Carpenter's ineffective assistance of appellate counsel claim had been preserved for habeas corpus review. J.A. at 817. The court next applied the *Maupin* test for procedural default to the ineffective assistance of appellate counsel claim, and determined that this claim had not been waived because the state procedural bar (Ohio R.App. P. 26(B)) was not an adequate state ground upon which to deny federal habeas relief. Thus, the court determined that the ineffective assistance of Carpenter's appellate counsel could be utilized to establish cause for Carpenter's failure to raise the sufficiency of evidence claim on direct appeal, and after considering the claim, determined that Carpenter's counsel was constitutionally ineffective. The district court, however, declined to decide the sufficiency of the evidence claim, finding that its resolution of the ineffective assistance of appellate counsel claim, i.e. by ordering the state court to reinstate Carpenter's appeal, rendered the sufficiency of the evidence claim moot.

■ Carpenter argues that the district court erred initially by determining that the cause for his procedural default of his sufficiency of evidence claim (here ineffective assistance of appellate counsel) must itself be

---

9. Carpenter also argues that the district court erred in failing to reach the merits of his claim that Ohio Appellate Rule 26(B) precludes a petitioner from the opportunity for meaningful litigation of his or her federal claims in state court. We find that our resolution of Carpenter's sufficiency of the evidence claim renders this claim moot.

10. Under *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986), the Sixth Circuit utilizes a four part analysis when a state argues that a federal

habeas claim has been procedurally defaulted in state court. This court determines: 1) whether there is a procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to follow this rule; 2) whether the state courts actually enforced the state procedural rule; 3) whether the state procedural rule is an adequate and independent state ground to foreclose federal relief; and if so 4) the petitioner must establish cause for his failure to follow the rule and prejudice by the alleged constitutional error. *Id.*

subjected to a procedural default analysis before it may constitute cause. He argues that the Supreme Court's decision in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), only imposed an exhaustion requirement on the cause asserted by the habeas petitioner in connection with the procedural default of the primary habeas claim. We agree.

Carpenter is correct in that the district court erroneously conflated the exhaustion requirement with the procedural default or waiver rule. The two inquiries are analytically distinct. *See Meeks v. Bergen*, 749 F.2d 322, 324 (6th Cir.1984) (noting that "the question of whether a respondent is barred from litigating in a federal habeas corpus proceeding constitutional claims that were forfeited before the state court is distinct from the issue of exhausted state remedies"); *see also Engle v. Isaac*, 456 U.S. 107, 125–26 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (finding that waiver is separate from the question of exhaustion and exhaustion simply requires a petitioner to exhaust those remedies "available in the court of the State"). In *Murray,* the Court held that an ineffective assistance of appellate counsel claim must merely be presented to the state courts as an independent claim, before it can be used to establish cause for the state procedural default of a separate claim. *Murray,* 477 U.S. at 488–89, 106 S.Ct. 2639. In so doing, the Court stated:

[W]e think that the exhaustion doctrine, which is 'principally designed to protect the state courts' role in the enforcement of state judicial proceedings' generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. The question whether there is cause for a procedural default does not pose any occasion for applying the exhaustion doctrine when the federal habeas court can adjudicate the question of cause—a question of federal law—without deciding an independent and unexhausted constitutional claim on the merits. But if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court 'to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation' and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

*Id.* (citations omitted). A careful reading of *Murray* makes clear that the Supreme Court was concerned only that a federal court not infringe on a state court's right to decide issues pertaining to the state court conviction first, and thus felt that an exhaustion requirement, one that had not previously been required in reference to the cause element, needed to be implemented.

■■■■ "Th[is] exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Significantly, "[t]o exhaust his or her remedies, a petitioner for federal habeas corpus relief is only required to raise his claims before the state's highest court. The fact that the state court does not address the merits of the claim does not preclude a finding of exhaustion." *Id.* at 883; *see also Rudolph v. Parke,* 856 F.2d 738, 739 (6th Cir.1988) ("It is settled law in this circuit that a constitutional claim which is presented to the state courts, regardless of whether they address and dispose of it, will satisfy the exhaustion requirement."). Furthermore, the exhaustion requirement is satisfied even if a claim was procedurally defaulted in state court, because in such cases there are no longer remedies available for the petitioner to exhaust. *See Gray v. Netherland,* 518 U.S. 152, 161, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Engle,* 456 U.S. at 125–26 n. 28 (1988).

■■■■ Here, the state expressly conceded that Carpenter exhausted his ineffective as-

sistance of appellate counsel claim. J.A. at 16. Carpenter presented his ineffective assistance of appellate counsel claim in his state court petition to reopen his direct appeal, and thus provided the state court with the first opportunity to determine the claim. When this petition was denied, he then appealed that denial to the Ohio Supreme Court. True, the state court declined to rule on the merits of his ineffective assistance of appellate counsel claim because Carpenter filed the claim late, and according to the state court, without good cause for his delay. Carpenter, however, has exhausted all available state remedies for the claims. While the state court's denial of Carpenter's ineffective assistance of appellate counsel claim on procedural grounds now precludes him from raising the claim as an independent habeas claim, it does not preclude him from asserting the ineffective assistance of appellate counsel as cause for his state court procedural default of his sufficiency of the evidence claim. A petitioner is permitted to assert ineffective assistance of counsel as cause, even if the state court has denied the claim based on a procedural default, so long as the claim was presented to the state courts and it is exhausted. Put another way, the Supreme Court simply requires exhaustion of the ineffective assistance of counsel claim in order for it to constitute cause. The claim must be presented to the state courts, and all available remedies foreclosed, or the exhaustion requirement will not be met. Once all available remedies in state court are precluded and the state court may no longer pass on the claim, however, it is exhausted and may be utilized as cause. There is no additional requirement beyond exhaustion in order for a petitioner to utilize ineffective assistance of appellate counsel as cause for the procedural default of an independent claim. *Cf. Meeks,* 749 F.2d at 325–26 (finding that a petitioner's habeas claims were exhausted when the petitioner joined the claims in an application for delayed appeal in state court, even though the claim was ultimately denied in state court due to a procedural default).

We do note that, although our review of the issue has not found a large number of cases directly addressing the issue, the Second and Seventh Circuits have considered the issue in slightly different contexts. *See, e.g., Reyes v. Keane,* 118 F.3d 136, 139–40 (2d Cir.1997) (habeas petitioner who fails to raise a claim of ineffective assistance of trial counsel in state court may not present that claim as cause for procedurally defaulted habeas claim); *Lemons v. O'Sullivan,* 54 F.3d 357, 360–61 (7th Cir.1995) (same). Those cases are distinguishable from the present case, for in both cases the petitioner completely failed to raise the ineffective assistance claim in state court. Here, however, Carpenter raised the claim in the primary avenue available to him under Ohio law (application to reopen his direct appeal). Hence, Carpenter provided the state court with the first opportunity to address the claim, although the court declined to do so on a procedural basis. Therefore, we do not decide whether a petitioner's complete failure to raise an ineffective assistance claim in the state courts would be insufficient under *Murray.* Under a broad reading of *Murray,* we note that it probably would be insufficient, as the Seventh and Second Circuits have held.

Therefore, we conclude that the district court erred by finding that before it could consider whether the ineffective assistance of Carpenter's appellate counsel established cause for the state procedural default of Carpenter's sufficiency of the evidence claim, it must first determine whether the ineffective assistance of appellate counsel claim was itself procedurally defaulted, rather than simply exhausted. Principles of comity do not require placing a procedural default analysis on claims asserted as cause. We believe that the exhaustion requirement mandated by *Murray* is sufficient, and ensures that the state court has the first opportunity to hear such claims. Moreover, as noted earlier, a petitioner will be effectively "punished" for procedurally defaulting the ineffective assistance claim by only being able to assert it as cause for a procedural default and not being permitted to assert it as an independent habeas claim. The Supreme Court in *Murray* did not implement a procedural default requirement for claims asserted as cause, and until it does, we see no reason to engraft such a requirement on our own.

Once shown to be exhausted, the ineffective assistance of appellate counsel could be properly utilized as cause for the default of the sufficiency of the evidence claim, and the court was then required to continue the cause and prejudice analysis by determining whether the ineffective assistance of appellate counsel rose to the level of a constitutional violation, thereby satisfying the cause element for excusal of state procedural default. *See, e.g., Rust,* 17 F.3d at 161 (noting that attorney error may constitute cause if it constitutes ineffective assistance of counsel under the test enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *Ritchie v. Eberhart,* 11 F.3d 587, 591 (6th Cir.1993). In order for ineffective assistance of appellate counsel to rise to the level of a Sixth Amendment violation, the performance of Carpenter's counsel: 1) must be deficient, in that it is below an objective standard of reasonableness, and 2) this deficient performance must have prejudiced his appeal. *See Bowen v. Foltz,* 763 F.2d 191, 194 (6th Cir.1985); *cf. also Strickland,* 466 U.S. at 688, 694, 104 S.Ct. 2052; *West,* 73 F.3d at 84. A petitioner may establish prejudice by demonstrating that there is a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Carpenter argues, and the district court determined below, that his appellate counsel's failure to raise the sufficiency of the evidence on direct appeal, and only raising the significantly weaker claim that Carpenter was entitled to parole after twenty rather than thirty years, was constitutionally deficient.

Under normal circumstances a plea of guilty precludes the defendant from attacking the sufficiency of the evidence under Ohio law. *See State v. Hertz,* 135 N.E.2d 781 (Ohio Ct.App.1954)(per curiam). Ohio law, however, requires that a party who pleads guilty to aggravated murder appear before a three-judge panel which must "examine the witnesses, determine whether the accused is guilty of aggravated murder ... and pronounce sentence accordingly." O.R.C. § 2945.06. Challenges to the sufficiency of the evidence are therefore expressly permitted on aggravated murder charges. *See State v. Taylor,* 30 Ohio App.2d 252, 285 N.E.2d 89, 96 (Ohio Ct.App.1972); *see also State v. Leasure,* No. 1755, 1992 WL 174663 (Ohio Ct.App. July 22, 1992) (challenging the sufficiency of the evidence after guilty plea). In addition, the Ohio Supreme Court has recently affirmed that a guilty plea conviction supported only by the prosecution's recitation of the facts "does not satisfy the evidence requirements of Crim. R. 11 and R.C. 2945.06." *State v. Green,* 81 Ohio St.3d 100, 689 N.E.2d 556, 559 (Ohio 1998). In *Green,* a unanimous court held that during a culpability hearing on a guilty plea, the three-judge panel must examine witnesses, and in that case found that because Green's conviction was not supported by any evidence other than the prosecution's factual recitation, it must be reversed and remanded for a new trial. *Id.* at 559–60.

As an additional point, we note that although *Green* was decided after Carpenter raised his claims in state court, application of the rule pronounced in *Green* to this case does not present a retroactivity problem under *Teague v. Lane,* 489 U.S. 288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). The Ohio Supreme Court's decision in *Green* does not constitute a "new rule," nor does it create a new constitutional right as contemplated by *Teague.* Indeed, *Green* relies upon the plain language of O.R.C. § 2945.06, which has been in effect since 1991, and the Ohio Supreme Court's decision in *State v. Post,* 32 Ohio St.3d 380, 513 N.E.2d 754, 756 (Ohio 1987). Moreover, *Green* specifically notes the "inherent dangers" in relying solely on the prosecutor's recitation of the facts considering the well-settled principle that "a statement of facts by a prosecutor does not constitute evidence." *Green,* 689 N.E.2d at 559 (citing *State v. Davis,* 62 Ohio St.3d 326, 581 N.E.2d 1362, 1373 (Ohio 1991)). Finally, although *Green* was a state law ruling, it certainly has constitutional import, for due process requires that a state criminal conviction be supported by sufficient and adequate evidence on the elements of the offense. *See Jackson v. Virginia,* 443 U.S. 307, 323–24, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Consequently, application of the standards most recently articulated in *Green* neither "breaks new ground [nor] imposes a new obligation on the States or the Federal Government." *Teague,* 489 U.S. at 301, 109 S.Ct. 1060.

The district court in the case *sub judice* noted that a reasonably knowledgeable criminal defense attorney would have known that the sufficiency of the evidence could be challenged following a guilty plea to aggravated murder, and that the specific facts of Carpenter's case warranted a sufficiency of the evidence challenge on appeal. We agree. First, since *Taylor* in 1972, it has been well-established law in Ohio that the sufficiency of the evidence may be challenged on the appeal of an aggravated murder conviction. Second, Carpenter never wavered from his protestations of innocence, only entering a conditional guilty plea, and only in order to avoid the death penalty. Finally, the only information before the panel was the prosecution's recitation of the facts, which as noted previously is not evidence. *See Green,* 689 N.E.2d at 559; *Davis,* 581 N.E.2d at 1373. Here, no witnesses were called as required by Ohio Rev.Code § 2945.06, and no independent evidence was submitted. Carpenter's case mirrors that of *Green* where guilt was established only through the prosecution's recitation of the facts, and the conviction was reversed on appeal.[11] Therefore, the facts of Carpenter's case clearly supported a sufficiency of the evidence challenge and it is unfathomable why Carpenter's counsel failed to raise a sufficiency of the evidence claim on appeal. We find that his complete failure to raise such an integral part of Carpenter's case and his raising of a significantly weaker claim, illustrates that his counsel was constitutionally ineffective. *See,*

*e.g., Reed v. Ross,* 468 U.S. 1, 13–14, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (noting that although tactical decisions do not make out a claim for ineffective assistance, the failure to raise a significant constitutional claim may); *Clemmons v. Delo,* 124 F.3d 944, 953–54 (8th Cir.1997) (finding ineffective assistance of appellate counsel where appellate counsel failed to raise obvious claim on direct appeal); *Banks v. Reynolds,* 54 F.3d 1508, 1515 (10th Cir.1995) (failure to raise "dead bang winner" claim on appeal was constitutionally ineffective assistance of appellate counsel even though other strong claims were raised); *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994) (noting that petitioner may establish ineffective assistance of appellate counsel if he shows that counsel ignored significant obvious issue while pursuing weaker claims); *Fagan v. Washington,* 942 F.2d 1155, 1157 (7th Cir.1991) (finding ineffective assistance of appellate counsel when counsel failed to raise substantial claim but instead raised weaker one); *Matire v. Wainwright,* 811 F.2d 1430, 1438 (11th Cir.1987) (same). Thus, Carpenter has asserted sufficient cause for his failure to raise the sufficiency of the evidence on direct appeal and because,. as noted, the claim is clearly a viable one, he has also established prejudice from his counsel's failure to raise the claim.[12] Accordingly, the ineffective assistance of Carpenter's appellate counsel excused his failure to raise the sufficiency of the evidence claim on direct appeal in state court.[13] *Cf. Gravley,* 87 F.3d at 786.

11. A prosecution's recitation of the facts may be considered evidence with the explicit consent of the defense. *See Post,* 513 N.E.2d at 766. The Ohio Court of Appeals on Carpenter's application to reopen his direct appeal seemed to imply that his counsel's decision to neither admit nor deny these facts was such explicit consent, but did not rely on that basis for denying Carpenter's application. J.A. at 186–87. In light of the fact that defense counsel in *Green* had made no such stipulation, the Ohio Supreme Court expressly declined to reconsider *Post. Green,* 689 N.E.2d at 559. Neither party in this case thoroughly briefed the issue on appeal, and the district court did not address it below. Upon remand, the district court may rule on the issue.

12. Although we find that Carpenter has established prejudice from the failure to raise the sufficiency of the evidence on appeal, in that there is a reasonable probability that the result of

the proceedings may have been different, we do not decide the claim here.

13. Although reaching the same conclusion as this court, that ineffective assistance of appellate counsel excused Carpenter's failure to raise the sufficiency of the evidence claim in state court, the district court's analysis was different. The district court found below that the ineffective assistance of counsel claim may constitute cause for the state procedural default of the sufficiency of the evidence claim, even though it too had been procedurally defaulted in state court, because the state court rule utilized as a basis for barring the ineffective assistance of appellate counsel claim, Ohio R.App. P. 26(B), was not an adequate and independent state ground to foreclose relief. The district court found that the good cause requirement of the rule had been inconsistently applied in the state courts. While we agree that it appears that the good cause

■ Upon establishing that Carpenter had sufficiently asserted cause for procedural default of his insufficiency of the evidence claim, the district court determined that the appropriate remedy would be to issue the writ conditioned upon the state court reinstating Carpenter's direct appeal. We agree that a conditional writ is the appropriate remedy in this case. We conclude, however, that because the state court has already made its position concerning Carpenter's appeal relatively clear, ordering the state court to reinstate the direct appeal would simply prolong resolution of this case. If and when the state court denied the appeal, Carpenter would simply file a successive habeas petition reasserting his claims and again requesting federal review. Considering that Carpenter's initial complaint was that his culpability hearing went awry, we find that the more appropriate resolution here is for the district court to issue the writ of habeas corpus conditioned upon the state court granting Carpenter a new culpability hearing in accordance with state and federal law.

### III.

For the foregoing reasons, we **AFFIRM** the district court's judgment that the ineffective assistance of Carpenter's appellate counsel constituted cause for the procedural default of his insufficiency of the evidence claim, but **REMAND** the case to the district court for the imposition of a remedy consistent with this opinion. Our resolution of the cross-appeal in Carpenter's favor renders moot the State's direct appeal of the district court's grant of a conditional writ of habeas corpus to Carpenter.

---

requirement has not been uniformly applied in state court, we need not reach the issue because of our ruling that in determining whether the ineffective assistance of appellate counsel could constitute cause for the default of the sufficiency of the evidence claim, the district court was not required to determine whether it was procedurally defaulted, but merely whether it had been exhausted. Our analysis of whether the ineffective assistance of appellate counsel claim rose to the level of a constitutional violation, however, follows that of the district court below.