NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0047n.06
Filed: October 28, 2004

No. 03-3541

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT W. CARPENTER, | ) | |
| | ) | **ON APPEAL** FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| RONALD D. EDWARDS, WARDEN, | ) | **O P I N I O N** |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE: MERRITT, NORRIS, and GIBBONS, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Petitioner Robert W. Carpenter appeals from the district court's denial of his petition for a writ of habeas corpus. He argues that the district court lacked the authority to make new findings of fact and reach new conclusions of law following the United States Supreme Court's decision that reversed this court's affirmation of the district court's grant of a conditional writ. He also argues that he is entitled to the writ because of the insufficiency of the evidence presented at his guilty plea hearing, the ineffectiveness of his counsel on direct appeal, and his lack of a meaningful opportunity to raise his ineffectiveness claim in state court.

**I.**

The procedural history in the state courts of Ohio is detailed in the district court's Opinion and Order of March 12, 1997, and will not be repeated here. On May 3, 1996, Carpenter filed a

petition for a writ of habeas corpus in the United States District Court for the Southern District of

Ohio. He alleged the following three grounds for relief:

> 1. The State of Ohio failed to produce sufficient evidence to support Petitioner's conviction for aggravated murder and a principal offender specification, in violation of his rights under the Fifth and Fourteenth Amendments to the U.S. Constitution;
>
> . . .
>
> 2. Petitioner was denied the effective assistance of counsel in his direct appeal from his conviction, in violation of his rights under the Sixth Amendment to the U.S. Constitution; and
>
> . . .
>
> 3. Petitioner was denied a meaningful opportunity to raise the issue of ineffective assistance of appellate counsel in the state courts, in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution.

The warden argued that Carpenter's claims were procedurally defaulted. Carpenter responded that

his ineffectiveness claim had not been procedurally defaulted because Ohio R. App. P. 26(B) was

not an adequate and independent state ground for default, and that, even if it were an adequate and

independent ground for default, he could establish cause and prejudice to overcome it.

On March 12, 1997, the district court conditionally granted Carpenter a writ of habeas

corpus. The court determined that Carpenter's insufficiency of the evidence claim was procedurally

defaulted, but went on to consider whether the default could be excused by ineffectiveness of

appellate counsel. It found that it first had to examine whether the ineffectiveness claim was

preserved for federal review or was itself defaulted.

In order to determine whether Carpenter's ineffectiveness claim was defaulted, the district

court considered whether Ohio had an adequate and independent state ground for precluding relief.

The court concluded that Carpenter's ineffectiveness claim was not procedurally defaulted because the state court's rejection of the claim was not based on an adequate state ground. The court found that the rule requiring that "good cause" be shown for failing to bring an untimely motion to reopen, Rule 26(B), was not adequate because it was not consistently applied and regularly followed:

> It is difficult . . . to find that the procedural rule in this case was "firmly established and regularly followed" by the state courts at the time that Petitioner filed his delayed motion for reconsideration.
>
> A review of Ohio appellate court decisions reveals that at the time that Petitioner filed his application, there . . . was no firmly established state procedure for enforcing the "good cause" requirement for applications that were not filed within the ninety day period. For instance, it appears that some Ohio appellate courts apply a standard under which "good cause" will almost never be found. *See State v. Owens*, 1996 WL 146097, No. 84 C.A. 131 (Ohio App. Dist. 7 Mar. 29, 1996). Other Ohio appellate courts employ a standard under which "good cause" will almost always be found. *See State v. Nitenson*, 1994 WL 679894, No. 91 C.A. 796 (Ohio App. Dist. 4 Feb. 24, 1994). Still other Ohio appellate courts appear to avoid the "good cause" issue, and proceed instead to the merits of the applicant's claim(s). *See State v. Holland*, 1994 WL 142735, No. 92AP-853 (Ohio App. Dist. 10 Apr. 21, 1994).

Opinion and Order, March 12, 1997, at 10-11.

The district court then moved to the merits of Carpenter's ineffectiveness claim. It determined that Carpenter had established a "prima facie" case of ineffective assistance of appellate counsel under the "cause and prejudice" standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), because appellate counsel failed to follow normal practice by not raising Carpenter's insufficiency claim, a claim that may have succeeded. Rather than definitively deciding the issue

of sufficiency, however, the district court directed the state to reinstate Carpenter's direct appeal. The warden appealed to this court.

On December 18, 1998, this court delivered its opinion affirming the district court but modifying its order conditionally granting the writ. *Carpenter v. Mohr*, 163 F.3d 938 (6th Cir. 1998). We held that the ineffectiveness of Carpenter's appellate counsel could constitute cause and prejudice to excuse a default of the underlying insufficiency claim regardless of whether the ineffectiveness claim was itself procedurally defaulted. *Id*. at 945-46. We affirmed the district court's holding that the ineffectiveness of Carpenter's appellate counsel excused his failure to raise the insufficiency claim on direct appeal. We ordered the state to hold a new culpability hearing rather than reinstate Carpenter's direct appeal. *Id*. at 948.

The warden then filed a petition for a writ of certiorari with the United States Supreme Court. The sole question presented by the warden was whether this court had been correct in ruling that the ineffectiveness of Carpenter's appellate counsel could constitute cause and prejudice even if the ineffectiveness claim was itself procedurally defaulted. On November 8, 1999, the Supreme Court granted the warden's petition.

On April 25, 2000, the Supreme Court reversed our decision and remanded the case for further proceedings. *Edwards v. Carpenter*, 529 U.S. 446 (2000). The Court held that, in order for the ineffective assistance of counsel claim to constitute sufficient cause to excuse the default of another claim, the petitioner must be able to demonstrate that the ineffectiveness claim was not itself defaulted. *Id*. at 450-52. Justice Scalia wrote for the majority:

> To hold, as we do, that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted is not to say that that procedural default may not *itself* be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim. Indeed, the Sixth Circuit may well conclude on remand that respondent can meet that standard in this case (although we should note that respondent has not argued that he can, preferring instead to argue that he does not have to). Or it may conclude, as did the District Court, that Ohio Rule of Appellate Procedure 26(B) does not constitute an adequate procedural ground to bar federal habeas review of the ineffective-assistance claim. We express no view as to these issues, or on the question whether respondent's appellate counsel was constitutionally ineffective in not raising the sufficiency-of-the-evidence claim in the first place.

*Edwards*, 529 U.S. at 453-54 (emphasis in original). In a concurring opinion, Justice Breyer expressed his view as to the scope of the issues to be decided on remand:

> I agree with the majority . . . that this case must be returned to the Court of Appeals. Although the prisoner's "ineffective-assistance" claim is not barred, he must still prove that the "assistance" he received was "ineffective" (or some other "cause"). And, if he does so, he must still prove his basic claim that his trial violated the Federal Constitution all before he can secure habeas relief. I would remand for consideration of these matters.

*Id.* at 458-59.

On August 23, 2000, this court noted that the Supreme Court had not addressed two issues: "1) whether, in this case, the cause and prejudice standard excuse[d] the default of the ineffectiveness claim; or 2) whether the procedural default is excused by the inadequacy of the state procedural rule." *Carpenter v. Mohr*, 2000 WL 1234312, at *1 (6th Cir. Aug. 23, 2000). We remanded the case "back to the district court for fact-finding and further proceedings[:]"

> While the district court previously ruled that Ohio R. App. P. 26(B) was inconsistently applied and therefore an inadequate procedural rule, we find its initial disposition to be so conclusory that it prevents meaningful appellate review. We therefore instruct the district court to develop the record on both the inadequacy and cause-and-prejudice issues, and to conduct further proceedings as necessary to dispose of Petitioner's claims in accordance with this order.

*Id.*

On March 12, 2003, the district court issued an opinion, order, and judgment dismissing Carpenter's petition. It first concluded that Carpenter could rely on his ineffectiveness claim, explaining that "[t]his Court remains unwilling to hold that, at the time petitioner filed his Rule 26(B) application, that rule constituted an adequate and independent basis to preclude consideration of the merits of petitioner's claim of ineffective assistance of appellate counsel." Opinion and Order, March 12, 2003, at 13.

Reaching the merits of Carpenter's ineffectiveness claim, the district court determined that his counsel was not constitutionally ineffective. The court reasoned that Carpenter's underlying insufficiency claim would not have prevailed because the factual recitation was sufficient to support a finding of guilt beyond a reasonable doubt. The court concluded that the Ohio Court of Appeals had reasonably determined that the prosecution's recitation was properly considered by the three-judge culpability panel and constituted a sufficient evidentiary basis for its decision under Ohio law. Finally, the court determined that Rule 26(B) provided Carpenter a meaningful opportunity to bring his ineffectiveness claim in Ohio courts.

Carpenter filed a notice of appeal. On April 25, 2003, the district court granted Carpenter a certificate of appealability on the following three issues:

>1. [Whether Carpenter's insufficiency claim is] precluded from federal habeas corpus review due to [his] failure to establish cause and prejudice for his procedural default of [the] claim;
>
>2. [Whether Carpenter was] denied the effective assistance of appellate counsel due to his attorney's failure to raise on direct appeal the issue of sufficiency of the evidence on the aggravated murder conviction;
>
>3. [Whether Carpenter] was denied a meaningful opportunity in the state courts to raise his claim of ineffective assistance of appellate counsel.[1]

Opinion and Order, April 25, 2003, at 3.

## II.

We review appeals from denials of writs of habeas corpus *de novo*, but review for clear error the district court's factual findings. *Groseclose v. Bell*, 130 F.3d 1161, 1163 (6th Cir. 1997).

We agree with the district court that Ohio R. App. P. 26(B) is not a sufficient bar to Carpenter raising his ineffective assistance of counsel claim. Although a later case of this court, *Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002), held that Rule 26(B) did, in fact, constitute an adequate state ground for default, that case dealt with a motion to reopen brought in 1998, by which time the application of the Rule had become regularized following the Ohio Supreme Court's opinion in *State v. Reddick*, 647 N.E.2d 784 (Ohio 1995). The district court noted that in 1994, when Carpenter moved to reopen his appeal, the Rule was neither "firmly established" nor "regularly followed" in Ohio courts, as required by *Ford v. Georgia*, 498 U.S. 411 (1991).

---

[1]Carpenter does not present any argument on this claim in his brief. We consider it to be waived.

Therefore, he may rely on his ineffective assistance of counsel claim as an independent ground for

relief and as cause for the procedural default of his sufficiency of the evidence claim.

Because it was not defaulted, we must address Carpenter's ineffectiveness claim on the

merits. To demonstrate ineffective assistance of counsel, a petitioner must show:

> First . . . that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, [the petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial[.]

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under 28 U.S.C. § 2254(d), federal habeas

relief is warranted only where "the adjudication of the claim[:]"

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The district court determined that Carpenter's ineffectiveness claim failed on the merits because

Carpenter failed to establish prejudice flowing from the failure of his appellate counsel to raise the

insufficiency claim. We agree with the district court.

Under *State v. Green,* 689 N.E.2d 556 (Ohio 1997) (syllabus), a three-judge culpability

panel's determination was subject to reversal if the panel failed to "examine witnesses and . . . hear

any other evidence . . . to make a . . . determination as to the guilt of the defendant." *Id.* at 559.

However, under *Post*, 513 N.E.2d 754 (Ohio 1987), the holding of which *Green* reaffirmed, the

culpability panel could rely on a factual recitation because "[a]greements, waivers and stipulations made by the accused, or by the accused's counsel in his presence, during the course of a criminal trial are binding and enforceable." *Id.* at 767. The district court found that petitioner's trial counsel agreed to a recitation of facts pursuant to the procedure outlined in *North Carolina v. Alford*, 400 U.S. 25 (1970),[2] based on the following discussion between petitioner and the court:

> The Court: Okay. In view of the fact, Mr. Carpenter, that your counsel has advised the panel that you're entering this plea with the understanding that you're doing it to avoid the consequences of going to trial, and that you are not admitting that you intentionally caused the death of Thelma Young, Thelma?
>
> [Defense Counsel]:[3] That's correct.
>
> The Court: What the panel will have to do I think in that regard procedurally is that we'll reserve accepting this plea of guilty until we hear a rendition of the facts by the state of Ohio and their statement to the panel concerning what they believe the facts in this case will be. And then we'll listen to your counsel's response to those facts.
>
> . . .
>
> The Court: Mr. Carpenter, in an Alfred [sic] plea, as I understand it, the Court is obligated to withhold acceptance of a plea until it hears the facts stated by the State that touches all the essential elements of the crime alleged in the indictment. And depending upon how the defense responds to that, will depend upon whether the court will accept the guilty plea or not.

---

[2]Under *Alford*, a defendant enters a guilty plea in order to avoid the collateral consequences of a trial (for example, imposition of the death penalty) but does not admit to commission of the charged offense. 400 U.S. at 37-38.

[3] The district court, which quoted parts of this passage in its opinion, mistakenly identified this speaker to be the petitioner himself.

> If, for example, the State didn't present facts to the panel that touched all the essential elements of the crimes charged in the indictment, including the specifications, then the court would be obligated not to accept the plea.
>
> Now, I take it that under this type of procedure the State's going, or the defense is going to stand moot to the statement by the State as to what the facts are. You are neither admitting them nor are you challenging them. And in that event, that the panel most likely will accept the State's rendition of the facts in this case.
>
> That's what happens under an Alfred [sic] plea. Now, if you want to reconsider that at this time, you may do so.
>
> . . .
>
> [Defense Counsel]: Do you understand that?
>
> The Defendant: I understand it.

We are unable to say that the district court clearly erred when it concluded that Carpenter had agreed to a recitation of facts pursuant to *Alford*. Therefore, according to *Post*, the recitation of facts was agreed to and thus, sufficient to fulfill the procedural evidentiary requirements for conviction.

Carpenter argues that the district court erred in reaching the merits of the ineffectiveness claim because our previous opinion had disposed of that issue, and that disposition remained in effect. We again disagree.

The text of the Supreme Court's opinion reveals that the Court believed it was vacating our previous opinion. In its instructions regarding the remand to this court, the Court stated:

> [T]he Sixth Circuit may well conclude on remand that respondent can meet [the cause and prejudice] standard in this case (although we should note that respondent has not argued that he can, preferring instead to argue that he does not have to). Or it may conclude, as did the District Court, that Ohio Rule of Appellate Procedure 26(B) does not constitute an adequate procedural ground to bar federal habeas

> review of the ineffective-assistance claim. We express no view as to these issues, *or on the question whether respondent's appellate counsel was constitutionally ineffective in not raising the sufficiency-of-the-evidence claim in the first place*.

*Edwards,* 529 U.S. at 453-54 (emphasis added). The italicized language indicates that the Supreme Court expected this court, on remand, to address anew "the question whether respondent's appellate counsel was constitutionally ineffective[.]" That conclusion is bolstered by the language of Justice Breyer's concurrence, which concludes that Carpenter must, on remand, "prove that the 'assistance' he received was 'ineffective' (or some other 'cause')[, a]nd, if he does so, . . . prove his basic claim that his trial violated the Federal Constitution." *Id.* at 458. Therefore, the Supreme Court vacated the opinion of this court in its entirety.

This court then remanded the case to the district court. *Carpenter v. Mohr*, *supra.* Our language remanding the case to the district court required that court to "conduct further proceedings as necessary to dispose of Petitioner's claims[.]" 2000 WL 1234312 at \*1. That language required the district court to decide the merits of Carpenter's ineffectiveness claim anew.

Finally, Carpenter does not argue that the facts recited are inadequate to support the charge, but rather that Ohio law does not allow a factual recitation in lieu of evidence. The district court pointed out that, "[h]ad this information been presented in evidentiary form, however, it would have been constitutionally sufficient to convict petitioner of aggravated murder with the specification charged in the indictment." Opinion and Order, March 12, 2003, at 20. As we noted above, a factual recitation may be sufficient under *Post* if the petitioner agreed to such an arrangement. Carpenter agreed to a recitation of facts pursuant to *Alford*. Because we have already determined

that the factual recitation was sufficient to charge petitioner with aggravated murder, and because petitioner does not contest that the facts recited were adequate to support the charge, we do not find that he was prejudiced by the recitation of facts.

## III.

For the foregoing reasons, the judgment of the district court is **affirmed.**

*Carpenter v. Edwards*
No. 03-3541

**MERRITT, Circuit Judge, concurring.** In this case, Justices Breyer and Stevens concurred in the result reached by the majority of the Court but pointed out that "the complexity of this Court's habeas corpus jurisprudence" means that "few lawyers, let alone unrepresented state prisoners, will readily understand it." *Edwards v. Carpenter*, 529 US. 446, 454 (2000). They were referring to the forfeiture or "door-closing" rules erected by Congress and the Court. Those rules have become so complex that, as in the present case, it often takes years of litigation and long days of research, writing and argumentation by lawyers and judges before a case concludes. Once we cut through the layers of forfeiture rules (exhaustion of remedies, procedural default, cause and prejudice, ineffective assistance of counsel, adequate state ground, etc.), the case on the merits of the constitutional question usually becomes fairly simple. That is the case here. The bottom line is that the prisoner entered a guilty plea in order to avoid the death penalty, and the state prosecutor himself rather than sworn witnesses stated a factual basis for the entry of the plea. There is no federal constitutional prohibition forbidding a state trial court from establishing a factual basis in this way. This case would have been over years ago if we could have simply gotten to this question in the beginning. As Justices Breyer and Stevens observed, the forfeiture rules are no longer "comprehensible" but rather have become "difficult puzzles," *id.* at 458, that foreclose a rational and efficient procedure for deciding habeas cases. Time-wise and justice-wise, we would be much better off if we could just get to the merits, as in the days of *Fay v. Noia*, 372 U.S. 438, and *Townsend v. Sain*, 372 U.S. 293 (1963).

- 13 -