RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0060p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

ROBERT LEE DENNIS,

        *Petitioner-Appellant*,

    *v.*

MICHAEL BURGESS, Warden,

        *Respondent-Appellee*.

No. 24-1812

───────────────

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:21-cv-12431—Sean F. Cox, District Judge.

Decided and Filed:  March 17, 2025

Before:  STRANCH, Circuit Judge.

───────────────

## COUNSEL

**ON MOTION FOR A CERTIFICATE OF APPEALABILITY:**  Timothy A. Doman, GRABEL & ASSOCIATES, Dearborn, Michigan, for Appellant.

───────────────

## ORDER

───────────────

Robert Lee Dennis, a Michigan prisoner proceeding through counsel, appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Dennis moves for a certificate of appealability (COA).  *See* 28 U.S.C. § 2253(c).

Dennis was charged with four counts of first-degree criminal sexual conduct involving a victim under the age of 13.  *See* Mich. Comp. Laws § 750.520b(1)(a).  Each count carried a mandatory minimum sentence of 25 years' imprisonment and a maximum of life.  *Id.* § 750.520b(2)(b).  On the scheduled date for trial, the prosecutor advised the court that, in an

effort to resolve the case, she had offered Dennis a plea deal: she "would not ask for more than 25 years if [Dennis] was to accept responsibility as charged." She also indicated that she would not charge him for offenses committed against another victim. After a recess, defense counsel informed the court that Dennis wished to accept the State's offer but had "some reservations" depending on the court's position on the plea offer.

Counsel stated that he explained to Dennis that "it is an agreement between the prosecutor's office and my client and myself, and not binding the Court in any way." The prosecutor then reiterated the terms of the offer, explaining that, in exchange for Dennis's plea of guilty or no contest to the four counts, each carrying a mandatory minimum sentence of 25 years, she would "not ask for more than 25 years on the minimum" and would not bring additional charges related to the other victim. Before accepting any plea, the court ensured that Dennis understood the terms of the agreement. Specifically, the court explained three more times, in three different ways, that the agreement was between the prosecutor and Dennis and that the court could impose a higher sentence than that recommended by the prosecutor if the court chose to do so. Dennis pleaded no contest to the charges. The court sentenced Dennis to 30 to 50 years' imprisonment on each count, with counts one and three to be served consecutively to each other and concurrently with counts two and four.

Dennis moved to withdraw his no-contest plea, arguing that his sentence violated the terms of the plea agreement and that the court should have given him an opportunity to withdraw his plea before deviating from the parties' agreement. The court denied the motion, explaining that it was not bound by the prosecutor's sentencing recommendation and that Dennis understood this at the time he entered his plea. Dennis appealed, making the same arguments. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. *See People v. Dennis*, 913 N.W.2d 306 (Mich. 2018) (mem.).

Dennis returned to the trial court and moved for relief from judgment on the grounds that (1) the prosecutor breached the plea agreement by advocating for consecutive sentencing, and (2) the trial court did not adequately articulate its reasons for imposing consecutive sentences. The trial court denied the motion for failing to meet the requirements of Michigan Court Rule 6.508(D)(3), which bars post-conviction relief on claims that "could have been raised on

appeal from the conviction and sentence" unless the movant can show cause and prejudice. The court found that the prosecutor did not breach the plea agreement because she did not ask for consecutive sentences, so Dennis could not establish prejudice. And it rejected Dennis's argument that appellate counsel's ineffectiveness provided cause for his failure to raise the claim on appeal, concluding that appellate counsel did not perform deficiently by challenging the plea rather than seeking resentencing based on the alleged breach. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. *See People v. Dennis*, 961 N.W.2d 147 (Mich. 2021) (mem.).

Dennis then filed his § 2254 petition, claiming that "[t]he prosecution breached the plea agreement by covertly advocating for consecutive sentences" and that the trial court's ruling to the contrary was an unreasonable application of *Santobello v. New York*, 404 U.S. 257, 262 (1971). The district court denied Dennis's petition, concluding that his claim was procedurally defaulted and that appellate counsel's failure to raise the plea-breach claim on direct appeal did not excuse the default. The court declined to issue a COA.

Dennis now seeks a COA from this court. To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the district court denies relief on a procedural ground without reaching the underlying constitutional claim, a COA should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dennis does not dispute that his plea-breach claim is procedurally defaulted due to his failure to raise it on direct appeal. Instead, he argues that the ineffective assistance of appellate counsel excuses the default. To overcome a procedural default, a petitioner must show cause for his failure to raise the claims and prejudice arising therefrom or that failing to review the claims

would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

Appellate counsel's failure to raise an issue on appeal can serve as cause for a procedural default if the error rises to the level of ineffective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020). To establish ineffective assistance of counsel, the petitioner must establish both (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. An attorney's performance is strongly presumed to be effective. *Id.* at 690. To prevail on an ineffective-assistance claim in the appellate context, the petitioner must demonstrate that the issue omitted by counsel "was clearly stronger than issues that counsel did present," *Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)), and a reasonable probability that he would have prevailed but for counsel's failure to raise the issue, *Chase*, 971 F.3d at 595.

Reasonable jurists could not disagree with the district court's conclusion that appellate counsel's failure to raise the plea-breach claim did not amount to deficient performance. The record does not establish that the prosecutor "covertly advocated" for consecutive sentencing. At the sentencing hearing, the trial court first asked the parties whether any changes needed to be made to the presentence report. Defense counsel pointed to the report's statement that "consecutive sentencing is discretionary under the statute," arguing that none of the conditions allowing for consecutive sentencing under the statute were present. The prosecutor responded that "the [c]ourt, if it so chooses c[ould] elect to sentence [Dennis] consecutively, because . . . there were at least three acts that were consecutive . . . on one date and time." *See* Mich. Comp. Laws § 750.520b(3). She then immediately reminded the court that, while the court could impose consecutive sentences, she was not asking the court to do so. She stated "there's an agreement . . . that I am not asking for more than the minimum of 25 years on this case."

Seeking clarification, the court asked the prosecutor whether it was the people's position that "it would be the Court's discretion . . . your position is I could sentence him at—consistent with what you recommend, or the agreement, each of the sentences would be consecutive." The prosecutor responded that the court could impose consecutive sentences if it "chose to do that," but noted that only "two of them could be consecutive," not all four. Defense counsel reiterated his position that, under the facts of this case, consecutive sentences could not be imposed. Finding that two of the counts "relate[d] to the same time sequence," the court concluded that it had the discretion to impose consecutive sentences as to those two counts.

Defense counsel objected, stating, "This is part of . . . a plea agreement . . . and in that . . . agreement, the prosecutor's office indicated they would not be asking for consecutive sentencing." The court responded,

> That's absolutely correct, but this doesn't involve the prosecutor's office. It involves the discretion of this [c]ourt as to how I intend to exercise my discretion and sentence. And I made absolutely sure the record is absolutely clear that I was not bound by any agreement between you and the prosecutor as it relates to . . . their recommending or not asking for any more than 25 years . . . .
>
> . . . I was in no way indicating that this [c]ourt would not sentence [Dennis] more than 25 years if I viewed it to be appropriate. I made that clear.

Counsel argued that the prosecutor "should not have indicated to you that they believe that consecutive sentencing is proper in this case," but the court explained that it was the presentence report that alerted it to the fact that it had discretion to impose consecutive sentences under the statute.

When the prosecutor stated at sentencing that consecutive sentencing was within the court's discretion, she did so only in response to defense counsel's argument that the facts of the case did not support consecutive sentencing. And immediately after doing so, the prosecutor reminded the court that, while the court was free to impose consecutive sentences, she had agreed to not recommend a sentence above the 25-year mandatory minimum. At no point did the prosecutor explicitly or implicitly recommend that the court impose consecutive sentences. She merely advised the court—in response to the court's inquiry—that it had the discretion to impose

consecutive sentences, at least with respect to two counts, and that Dennis's plea agreement did not prohibit the court from doing so.

Dennis argues that he has satisfied the standard for ineffective assistance of appellate counsel because the sole issue raised by counsel—that he should have been permitted to withdraw his no-contest plea because his sentencing violated the agreement—was "dead on arrival," while his plea-breach claim has "arguable merit." He contends that the district court applied an incorrect standard to his appellate-counsel claim by requiring that the omitted claim be a "dead bang winner."

I begin with the district court's standard for appellate ineffective assistance. As Dennis notes, the "dead-bang winner" terminology is not terminology that the Sixth Circuit has approved. *Rush v. King*, No. 23-1770, 2024 WL 4043118, at *17 (6th Cir. Sept. 4, 2024) (per curiam), *cert. denied*, 2025 WL 247473 (U.S. Jan. 21, 2025) (noting that our circuit has not adopted the "dead-bang winner" terminology). Nor do I find it an appropriate way to describe the standard. To be sure, petitioners often describe the claims their former counsel failed to raise as "dead-bang winners." *See, e.g.*, *McMeans v. Brigano*, 228 F.3d 674 (6th Cir. 2000); *Fields v. Forshey*, No. 22-3031, 2023 WL 5093481, at *3 (6th Cir. Aug. 8, 2023). And we have agreed that where counsel failed to raise a "dead-bang winner" claim, counsel provided ineffective assistance. *Carpenter v. Mohr*, 163 F.3d 938, 947 (6th Cir. 1998), *rev'd on other grounds*, 529 U.S. 446 (2000) (quoting *Banks v. Reynolds*, 54 F.3d 1602, 1515 (10th Cir. 1995). But the fact that failure to raise a "dead-bang winner" claim would be ineffective assistance of appellate counsel does not mean that there cannot be ineffective assistance without a "dead-bang winner." I do not, therefore, proceed under that incorrect standard. I, instead, apply our correct governing standard and ask whether there was "a reasonable probability that Dennis would have prevailed but for counsel's failure to raise the issue." *Chase*, 971 F.3d at 595.

The record does not support a finding that the prosecutor recommended consecutive sentencing, thereby breaching the plea agreement. Therefore, because Dennis's plea-breach claim lacked arguable merit, he cannot show that there is any reasonable probability he would have prevailed even if his counsel has raised the issue. Reasonable jurists could not disagree with the district court's conclusion that Dennis failed to establish cause to excuse the procedural

default of his plea-breach claim.  *See Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (explaining that appellate counsel cannot be ineffective for failing to raise a meritless claim on appeal).

For these reasons, Dennis's application for a COA is **DENIED**.