The STATE of Ohio, Appellee,

v.

SOWELL, Appellant.

[Cite as *State v. Sowell* (1991), 73 Ohio App.3d 672.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900413.

Decided June 26, 1991.

674

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Christian J. Schaefer,* for appellee.

*Randall M. Dana,* Ohio Public Defender, *Randall Porter* and *Stephen Delbet,* for appellant.

---

*Per Curiam.*

Petitioner-appellant Billy Joe Sowell has taken the instant appeal from the entry of summary judgment in favor of the state on his petition for postconviction relief. On appeal, Sowell advances seven assignments of error.

The genesis of this action was Sowell's indictment in 1983 on charges of aggravated murder and attempted aggravated murder in connection with the death of Calvert Graham and the shooting of Pamela Billups. Sowell waived his right to a jury trial, electing instead to be tried to a three-judge panel. The panel found Sowell guilty as charged, and imposed, with respect to the aggravated murder charge, a sentence of death. Sowell's convictions were upheld on direct appeal to this court, *State v. Sowell* (Aug. 20, 1986), Hamilton App. No. C–830355, unreported, 1986 WL 9082, and to the Ohio Supreme Court, *State v. Sowell* (1988), 39 Ohio St.3d 322, 530 N.E.2d 1294, and the United States Supreme Court denied Sowell's petition for a writ of certiorari, *Sowell v. Ohio* (1989), 490 U.S. 1096, 109 S.Ct. 2444, 104 L.Ed.2d 999.

In December 1989, Sowell filed with the common pleas court a petition, pursuant to R.C. 2953.21, to vacate or set aside his convictions, in which he presented forty-one causes of action. The common pleas court, upon the state's motion, entered summary judgment for the state on Sowell's petition, and this appeal ensued.

## I

We address first Sowell's fourth assignment of error in which he challenges the adequacy of the common pleas court's findings of fact and conclusions of law. This challenge is untenable.

R.C. 2953.21(C) requires the common pleas court, upon dismissal of a petition for postconviction relief, to make and file findings of fact and conclusions of law setting forth its findings on each issue presented and a substantive basis for its disposition of each claim for relief advanced in the petition. *State v. Lester* (1975), 41 Ohio St.2d 51, 70 O.O.2d 150, 322 N.E.2d 656. The purpose of requiring findings of fact and conclusions of law is to apprise the petitioner of the basis for the common pleas court's disposition and to facilitate appropriate and meaningful appellate review. *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330. The sufficiency of the findings of fact and conclusions of law issued upon dismissal of a post-conviction petition may be assessed by reference to the purposes served by the R.C. 2953.21(C) requirement. *Harris, supra; State v. Poindexter* (Mar. 6, 1991), Hamilton App. No. C–890734, unreported, 1991 WL 30613.

We reject at the outset Sowell's contention that the common pleas court's adoption of the findings of fact and conclusions of law submitted by the state effectively deprived him of a meaningful review of his petition by the common pleas court. As we determined in *Poindexter, supra,* this procedure does not, by itself, constitute error, and we find no basis on which to conclude that Sowell was thereby prejudiced.

In the findings of fact and conclusions of law filed upon the dismissal of Sowell's petition for postconviction relief, the common pleas court addressed in order each cause of action presented in the petition and set forth a factual and substantive basis for its disposition. With respect to those causes of action found to be barred by *res judicata,* the court substantially complied with the requirement of specifying, in the appropriate instance, those portions of the record that established the *res judicata* bar. See *Lester, supra; Poindexter, supra.* Upon our determination that the findings of fact and conclusions of law issued below were sufficient to apprise Sowell and this court of the basis for dismissal and thus satisfied the policy considerations underlying the R.C. 2953.21(C) requirement, we overrule Sowell's fourth assignment of error.

## II

Sowell, in his fifth assignment of error, assails the common pleas court's disposition of the challenge presented in his tenth cause of action to the

prosecution's alleged suppression of evidence favorable to the defense. We find no merit to this challenge.

The United States Supreme Court, in *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, held that the failure of the prosecution to disclose upon request evidence favorable to the accused constitutes a violation of the Fourteenth Amendment's due-process guarantee of a fair trial when "the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87, 83 S.Ct. at 1197, 10 L.Ed. at 218. Undisclosed evidence is "material" for purposes of the *Brady* rule "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley* (1985), 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481, 494; see *State v. Wickline* (1990), 50 Ohio St.3d 114, 552 N.E.2d 913.

Sowell asserted in his tenth cause of action that he was denied his constitutional right to a fair trial by the prosecution's failure to disclose, pursuant to his discovery request, evidence in the form of testimony by his neighbor, Jerrell Perrin. In support of this contention, Sowell offered the affidavit of Perrin, who attested to incidents that reflected favorably on Sowell's character and to the community's perception of prosecution witness Pamela Billups as dishonest because she was a prostitute who "rolled" her customers. Perrin stated that, on the night in question, she was drawn to the hallway of her apartment building by a "ruckus," and she witnessed a vocal exchange between Sowell, who stood outside Calvert Graham's apartment requesting the return of his money, and Billups, who loudly responded with profanity. Perrin retreated into her apartment, then twenty to thirty minutes later heard what she perceived to be a car backfiring. She again emerged from her apartment to see Sowell returning to his apartment. Perrin averred that she related her observations to the police and that she received a subpoena from the prosecution to testify at Sowell's trial but was not called to testify. She further averred that neither defense counsel nor their investigators contacted her.

The state asserts that Sowell has failed to prove the threshold issue of nondisclosure when the evidentiary material submitted in support of his tenth cause of action does not demonstrate that the defense did not know at the time of trial of Perrin's proposed testimony and does not override the presumption of disclosure raised by the issuance to Perrin of a subpoena and by defense counsel's presence at a pretrial discovery conference at which, the

state argues, the defense must surely have learned that Perrin was a prospective witness. We are unpersuaded.

The issuance of a subpoena or the disclosure of Perrin as a prospective witness at a pretrial discovery conference would constitute sufficient disclosure only if the substance of Perrin's statement or testimony was provided along with her name and address or if her testimony was a matter of public record. See *State v. Johnston* (1988), 39 Ohio St.3d 48, 61, 529 N.E.2d 898, 912, fn. 22. In the absence of evidence to the contrary, Perrin's affidavit raises a reasonable inference of nondisclosure.

■ We find, however, that Perrin's proposed testimony is, in substance, merely cumulative of the evidence presented during both the guilt and penalty phases of Sowell's trial. We are unable to conclude from the record before us that Perrin's evidence was "material" in the sense that, had it been disclosed to the defense, a reasonable probability existed that the result of the trial would have been different. We, therefore, overrule the fifth assignment of error.

### III

■ In his seventh assignment of error, Sowell challenges the common pleas court's determination that it lacked jurisdiction to entertain the claim advanced in his twenty-sixth cause of action, in which he asserts that he was denied the effective assistance of appellate counsel. This challenge is feckless.

In *State v. Rone* (Aug. 31, 1982), Hamilton App. No. C–820640, unreported, we held that a claim of ineffective assistance of counsel relating to proceedings on direct appeal from a judgment of conviction may not be entertained by a common pleas court upon a petition for postconviction relief. In *Poindexter, supra,* we examined our holding in *Rone,* in light of the Ohio Supreme Court's decision in *State v. Howard* (1989), 42 Ohio St.3d 18, 537 N.E.2d 188, certiorari denied (1989), 493 U.S. 873, 110 S.Ct. 203, 107 L.Ed.2d 157, and found that the decision in *Howard* did not mandate a contrary result. Therefore, on the authority of *Rone,* we overrule Sowell's seventh assignment of error.

### IV

Sowell, in his sixth assignment of error, contests the common pleas court's disposition of his twenty-seventh and thirty-eighth causes of action in which he contends that defense counsel's performance at trial was so deficient that

he was deprived of the effective assistance of trial counsel. This challenge is untenable.

█ The Ohio Supreme Court in *State v. Lytle* (1976), 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623, proposed a two-step inquiry into the question of whether a defendant was deprived of the effective assistance of counsel:

"First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *Id.* at 396–397, 2 O.O.3d at 498, 358 N.E.2d at 627; see, also, *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. ——, 110 S.Ct. 3258, 111 L.Ed.2d 768. In reviewing the performance of trial counsel, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Trial counsel's performance will not be deemed ineffective unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness," *id.,* and that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley, supra,* 42 Ohio St.3d at 143, 538 N.E.2d at 380.

█ A claim of ineffective assistance of counsel presented in a postconviction petition may be dismissed under the doctrine of *res judicata* when the petitioner, represented by new counsel on direct appeal, has failed to raise on appeal the issue of trial counsel's competence and the issue could fairly have been determined without evidence *dehors* the record. *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169; *Poindexter, supra.* Sowell contends in his twenty-seventh cause of action that he was denied the effective assistance of counsel during the guilt phase of his trial when defense counsel failed to cross-examine prosecution witness Donna Edwards with respect to the inconsistencies between her testimony and the testimony of Pamela Billups, when counsel failed to request review of witnesses' initial statements to law enforcement officials and testimony to the grand jury, and when counsel failed to object to the prosecution's use on cross-examination of his post-arrest silence for impeachment purposes. In his thirty-eighth cause of action, Sowell assails defense counsel's performance during the mitigation phase of his trial in failing to object to the introduction into evidence of a victim impact statement, in failing to object to improper comments by the

prosecutor in closing argument, and in making erroneous statements of law and fact in the summation for the defense.

A determination of trial counsel's effectiveness with respect to each of these issues could fairly have been made without evidence *dehors* the record on direct appeal from Sowell's convictions. Sowell is, therefore, barred under the doctrine of *res judicata* from presenting these claims in a postconviction proceeding.

■■ Sowell further contends in his twenty-seventh cause of action that he was deprived of the effective assistance of counsel during the guilt phase of his trial when defense counsel failed, as part of their pretrial investigation, to interview material witnesses and to unearth exculpatory evidence. Sowell offered in support of this contention: (1) the affidavit of an attorney, who attested to defense counsel's duties to a death-eligible defendant, but expressed no opinion as to the performance of Sowell's trial counsel; and (2) the affidavit of Jerrell Perrin. As we determined in our disposition of Sowell's fifth assignment of error, Perrin's proposed testimony does not present a reasonable probability that the result of Sowell's trial would have been different. In the absence of some demonstration of prejudice, we hold that these alleged omissions did not deprive Sowell of the effective assistance of counsel.

Sowell also presents in his thirty-eighth cause of action a challenge to the adequacy of defense counsel's investigation in preparation for the mitigation phase of his trial. He asserts, in a claim duplicative of the challenge advanced in his thirty-fourth cause of action, that counsel violated an essential duty in failing to request the appointment of a mitigation expert to assist in identifying, interviewing and preparing witnesses for the mitigation hearing. He further contends that counsel was ineffective in failing to interview members of his family. In support of these claims, Sowell submitted the affidavit of a mitigation specialist, who attested to the assistance that her expertise could lend to defense counsel for a death-eligible defendant in preparing for a mitigation hearing, and the affidavits of fourteen members of Sowell's family, who attested to Sowell's background and character.

■■ The Ohio Supreme Court in *State v. Jenkins* (1984), 15 Ohio St.3d 164, 15 OBR 311, 473 N.E.2d 264, certiorari denied (1985), 473 U.S. 927, 106 S.Ct. 19, 87 L.Ed.2d 697, held:

"R.C. 2929.024 requires the court to provide an indigent defendant with expert assistance whenever, in the sound discretion of the court, the services are reasonably necessary for the proper representation of a defendant charged with aggravated murder. The factors to consider are (1) the value of

the expert assistance to the defendant's proper representation at either the guilt or sentencing phase of an aggravated murder trial; and (2) the availability of alternative devices that would fulfill the same functions as the expert assistance sought." *Id.*, paragraph four of the syllabus; see, also, *State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682, certiorari denied (1989), 490 U.S. 1075, 109 S.Ct. 2089, 104 L.Ed.2d 653.

An indigent defendant who seeks state-funded expert assistance bears the burden of establishing a reasonable necessity for such assistance, and "[u]ndeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate." *State v. Scott* (1987), 41 Ohio App.3d 313, 315, 535 N.E.2d 379, 382 (citing *Caldwell v. Mississippi* [1985], 472 U.S. 320, 323–324, 105 S.Ct. 2633, 2636–2637, 86 L.Ed.2d 231, 236, fn. 1).

As in *Jenkins, supra,* "[t]he experts sought here would have been no more than consultants to counsel as opposed to sources of evidence relevant to disputed factual issues." *Id.*, 15 Ohio St.3d at 194, 15 OBR at 336, 473 N.E.2d at 292; see, also, *State v. Coleman* (1989), 45 Ohio St.3d 298, 304, 544 N.E.2d 622, 630, certiorari denied (1990), 493 U.S. 1051, 110 S.Ct. 855, 107 L.Ed.2d 849. Sowell's failure to demonstrate a particularized need for expert assistance leaves undeveloped and unsubstantiated his assertion that a state-funded mitigation expert was reasonably necessary for his proper representation. Because Sowell has failed to demonstrate a basis for a request for the proposed expert assistance, we hold that trial counsel, in failing to request the assistance of a mitigation expert, neither violated an essential duty to Sowell nor prejudiced the defense.

Turning, finally, to Sowell's contention that trial counsel was ineffective in failing to interview members of his family, we find that the affidavits of Sowell's family members offered in support of this contention present evidence that is merely cumulative of the evidence considered during the penalty phase of Sowell's trial. In the absence of proof of a reasonable probability that, but for this alleged omission of counsel, the result of his trial would have been different, Sowell's challenge to the effectiveness of counsel in this respect fails. See *Bradley, supra.*

Sowell has failed in each instance cited to demonstrate that the alleged omissions of counsel constituted error so serious that trial counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment. See *Strickland, supra; State v. Thompson* (1987), 33 Ohio St.3d 1, 514 N.E.2d 407. Therefore, we overrule the sixth assignment of error.

## V

Sowell contends in his third assignment of error that the common pleas court erred in applying the doctrine of *res judicata* to bar the claims advanced in the majority of his causes of action. We find no merit to this contention.

Causes of action one through nine, eleven through twenty-five, twenty-eight, thirty through thirty-three, thirty-five through thirty-seven, thirty-nine and forty present matters that were or could have been raised at the time of trial or sentencing or in any direct appeal therefrom and, therefore, are not appropriate to a postconviction proceeding. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. Accordingly, we overrule the third assignment of error.

## VI

Sowell, in his first assignment of error, challenges the denial of his petition for postconviction relief without an evidentiary hearing. This challenge is untenable.

A petition for postconviction relief is subject to dismissal without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. R.C. 2953.21(C); *State v. Pankey* (1981), 68 Ohio St.2d 58, 22 O.O.3d 262, 428 N.E.2d 413; *State v. Jackson* (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819.

Sowell's forty-first cause of action, in which he asserts that he was prejudiced by the accumulation of errors alleged in causes of action one through forty, is, by itself, without substance. We held in response to Sowell's third assignment of error that causes of action one through nine, eleven through twenty-five, twenty-eight, thirty through thirty-three, thirty-five through thirty-seven, thirty-nine and forty were barred from presentation in a postconviction petition under the doctrine of *res judicata*. Under the fifth assignment of error, we held that the challenge advanced in Sowell's tenth cause of action to the prosecution's alleged suppression of evidence favorable to the defense was untenable when the evidence that the prosecution was alleged to have suppressed was not "material." In Sowell's seventh assignment of error, we affirmed the common pleas court's determination that it lacked jurisdiction to entertain the challenge presented in Sowell's twenty-sixth cause of action to the effectiveness of appellate counsel. Finally, in the sixth assignment of error, we affirmed the common pleas court's disposition of the challenge to trial counsel's effectiveness, presented in Sowell's twenty-seventh, thirty-fourth and thirty-eighth causes of action. We, therefore, hold

that Sowell's petition, with respect to those causes of action, was subject to dismissal without an evidentiary hearing when the evidentiary material submitted in support thereof did not demonstrate substantive grounds for relief.

In his twenty-ninth cause of action, the only cause of action not heretofore addressed, Sowell challenges the knowing and intelligent nature of his waiver of a jury trial. Sowell offered in support of this contention his own affidavit, in which he averred that he executed the waiver upon trial counsel's representation that a trial before a three-judge panel would not result in the imposition of the death penalty. Sowell's "self-serving" affidavit is not, however, sufficient to rebut the record before us, which contains Sowell's written waiver in which he stated that he "knowingly, intelligently and voluntarily waive[d] and relinquish[ed] his right to a trial by Jury * * *." See *Jackson, supra.* Sowell was, therefore, not entitled to an evidentiary hearing on the challenge advanced in his twenty-ninth cause of action when he failed to sustain his initial burden of demonstrating substantive grounds for relief. See *State v. Kapper* (1983), 5 Ohio St.3d 36, 5 OBR 94, 448 N.E.2d 823. Upon our determination that Sowell's petition was subject to dismissal without an evidentiary hearing, we overrule the first assignment of error.

## VII

Our determination that Sowell's petition for postconviction relief was subject to dismissal without an evidentiary hearing is also dispositive of the challenge presented by Sowell in his second assignment of error to the common pleas court's entry of summary judgment in favor of the state on his petition. We hold that summary judgment was properly entered for the state when no issue of material fact remained and when it appeared from the evidentiary material cognizable on the petition that the state was entitled to judgment in its favor as a matter of law. See Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. We, therefore, overrule the second assignment of error.

The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and UTZ, JJ., concur.