OPINION
Appellant appeals from the trial court's order finding him to be a "sexual predator" pursuant to R.C. 2950.09 (B). Although this court rejects appellant's constitutional arguments, his argument that the trial court's decision is not supported by clear and convincing evidence has merit. Therefore, the judgment of the trial court is affirmed in part and reversed and remanded in part.
Appellant was indicted on March 10, 1994 on one count of kidnapping in violation of R.C. 2905.01 and one count of rape in violation of R.C. 2907.02. The charges arose out of an incident involving appellant's girlfriend, Kardi Hunt.
The trial court subsequently conducted a plea hearing pursuant to Crim.R. 11. Appellant pled guilty to an amended indictment alleging attempted rape, in violation of R.C. 2907.02 and 2923.02. The count relating to kidnapping was nolled by the state.
On June 29, 1994, appellant was sentenced to a term of five to fifteen years of incarceration. Following a recommendation from the Department of Corrections and Rehabilitation that appellant met the initial criteria of a "sexual predator," the trial court ordered that a hearing be conducted pursuant to Amended Substitute House Bill 180 (H.B. 180)
The trial court conducted a hearing on August 20, 1997. At the hearing, the state submitted as an exhibit the transcript of the preliminary hearing in which Ms. Hunt testified. The state also submitted Ms. Hunt's medical records from her visit to the hospital immediately following the incident.
The states Exhibit One, Ms. Hunt's testimony at the preliminary hearing, revealed that appellant and Ms. Hunt were "in the process of probably breaking up"; they were living together as social partners at the time. Ms. Hunt was asleep when appellant returned to their home. Ms. Hunt reported that she tried to leave and appellant took her keys.
Ms. Hunt then went into the bedroom, and appellant followed and "threw [her] on the bed and got on top of [her] as though he was playing." She testified that then "it started getting serious" and appellant tied her up with a telephone cord. Appellant then untied her, but they "wrestled again" and appellant again tied her hands. Appellant then "tried to have sex" with Ms. Hunt, but Ms. Hunt "kicked him."
Ms. Hunt testified that appellant struck her "five or six times" and told her he was "going to have to kill [her]." Ms. Hunt testified appellant then took her back into the bedroom and brought her juice and aspirin. Ms. Hunts hospital records indicate she suffered swollen wrists with contusions and "some small abrasions."
The trial judge denied appellant's motion to dismiss the H.B. 180 proceedings, denied a motion to apply the Rules of Evidence to the hearing, and denied appellant's motion for a psychiatric expert.
The court subsequently filed an Inmate Sentencing Attachment which stated:
 Upon consideration of the factors set forth in R.C. 2950.09(B)(2) and the evidence presented herein, the Court FINDS by clear and convincing evidence that the defendant is likely to engage in the future in one or more Sexually Oriented Offenses.
 Pursuant to R.C. 2950.09 (C), the Court therefore DETERMINES AND ADJUDICATES that the defendant is a Sexual Predator.
Appellant timely filed his appeal.
Appellant's first, second, and fourth through tenth assignments of error state:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII H.B. 180, AS APPLIED TO APPELLANT CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART I, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I., SEC. 9, OF THE OHIO CONSTITUTION.
This court recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 in State v.Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's first, second, and fourth through tenth assignments of error are summarily overruled.
Appellant's third and thirteenth assignments of error are related and will be considered together.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 XIII. THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
Appellant contends that the trial court's conclusion that he is a "sexual predator" is not supported by evidence in the record. Appellant also argues the trial court improperly applied Evid.R. 101(C)(3) to the hearing. Evid.R. 101(C)(3) provides an exception to the applicability of the evidence rules pertaining to miscellaneous criminal proceedings. Since "a sexual predator determination hearing is similar to sentencing or probation hearings[,]" Evid.R. 101(C) applies. See Cook at 425. Based on the foregoing, appellant's thirteenth assignment of error is meritless.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's conviction for attempted rape qualifies as a "sexually oriented offense" pursuant to R.C. 2950.01 (D); however, the second prong of the definition also must be satisfied by clear and convincing evidence. R.C.2950.09(B)(3)
In making a determination as to whether an offender is a sexual predator, therefore, the trial judge must consider all relevant factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(2)
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
R.C. 2950.09(B)(2) does not require that each factor be met; rather, it simply requires the trial court consider those factors that are relevant. See, e.g., State v. Tracy (May 20, 1998). Summit App. No. 18623, unreported.
The standard of "clear and convincing evidence" is the measure or degree of proof that is more than a mere "preponderance of the evidence" but not to the extent of such certainty as is required "beyond a reasonable doubt" in most criminal cases. State v.Schiebel (1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof that produces in the mind of the trier of facts a firm belief or conviction as to the fact sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
In this case, although the trial court was presented with evidence to support the first prong of R.C. 2950.01(E)'s definition of sexual predator, the facts fail to satisfy the second prong.
The trial court's only acknowledgment of the specific factors enumerated in R.C. 2950.09(B)(2) was in the following exchange with appellant's attorney:
 THE COURT: You're arguing there's no cruelty?
 MR. GALASKA: No, I didn't say there's no cruelty.
THE COURT: That's one of the factors.
The victim was twenty years old at the time of the incident and was appellant's social partner, residing in the same abode. Appellant's other criminal offenses do not involve any sexual offenses. While this court in no way wishes to minimize the cruelty of appellant's actions, under these circumstances, no clear and convincing evidence was presented by the state to prove appellant "is likely to engage in the future in one or more sexually oriented offenses" as required by R.C. 2950.01(E) and R.C.2950.09 (C). State v. Hall (Feb. 11. 1999), Cuyahoga App. No. 72455, unreported. Therefore, appellant's third assignment of error is sustained.
In order to provide further guidance for the trial court in cases such as appellant's, this court notes the following admonition set forth in State v. Ward, supra, authored by John T. Patton, the senior judge of the Eighth District Court of Appeals, at 11-12:
 We disagree with the state's argument that defendant stipulated to being a sexual predator. Defendant stipulated to the facts supporting his conviction on a sexually oriented offense, not that he was, in fact, a sexual predator. This is an important distinction, for if we accept the state's argument it would mean that any conviction for a sexually oriented offense would be irrebutable proof that an offender is a sexual predator. This conclusion cannot hold, because the statute is not "one strike and you're out."
* * *
 * * * [S]imply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended the result argued by the state, it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
(Emphasis added; citations omitted.)
The trial court does well, therefore, to consider as many factors as possible in a case such as appellant's in making its determination of the likelihood of the offenders recidivism. See,also, State v. Cook, supra, at 424-426. Especially in view of both the law's stated "paramount" purpose, viz., protecting children from those persons in our society who would prey upon them and the obviously limited availability of law enforcement resources for notification and monitoring, the procedures of "Megan's law" provide the trial courts of Ohio with the opportunity to accurately identify those convicted pedophiles who pose the greatest risk to children. The statute is "narrowly tailored to comport with the respective danger and recidivism levels of the different classifications of sex offenders." Id., at 422. Therefore, the trial court's determination similarly should be precise.
While in cases such as Cook there may be sufficient evidence in the trial transcripts, victim statements, and/or pre-sentence reports that either relate to the factors listed in R.C.2950.09(B)(2) or are probative of the second prong of the statutory definition, there are cases where the use of expert testimony, whether such testimony is psychiatric, psychologic, or criminologic, may be necessary to supplement the bare facts of a conviction.See, e.g., State v. Ward, supra; State v. Patterson (Feb. 11, 1999). Cuyahoga App. No. 72448, unreported.
In a model sexual predator determination hearing, the prosecutor and defense counsel would take care to identify on the record those portions of the trial transcript, victim impact statements, pre-sentence report and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the second prong of R.C. 2950.01 (E). Either side might present expert opinion by testimony or written report to assist the trial court in its determination when there is little information beyond the fact of the conviction itself. The trial court would then consider on the record not only the statutory factors themselves but, in addition, would discuss in some detail the particular evidence and factors upon which it relies in making its determination. Finally, it would include evidentiary materials in the record for purposes of any potential appeal.
Without such accuracy in the sexual predator determinations made by trial courts, society and its limited law enforcement resources risk being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. This result could be tragic for many.
For these reasons, in this court's view, the following language in Ward must be emphasized:
 It is important to keep in mind that R.C. 2950.09 does not place limits on the factors a court may consider, but simply directs the court to consider "all relevant factors." Relevant information can come from many sources. In Cook, the Supreme Court stated, "reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Cook, 83 Ohio St.3d at 425. R.C. 2950.09(B)(1) permits either side to call witnesses and expert witnesses, and we see no reason, absent privilege or any other legal restraint on testimony, to limit who might testify on matters of fact and, assuming relevance, to what that testimony may entail.
(Emphasis added; citations omitted.)
Appellant's third assignment of error is well-taken. The lower court's finding that appellant is a "sexual predator" is remanded for an additional hearing on the hearing.[1]
Appellant's eleventh assignment of error alleges:
 APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED NO CONTEST TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
Appellant argues that he was not advised that a possible consequence of his guilty plea would be "a lifelong requirement that he register his whereabouts with law enforcement officials who are obliged to notify his neighbors and others that he was a `sexual predator.'" Appellant contends this causes his plea to be invalid.
Since, however, appellant neither filed a motion to withdraw his plea in the trial court nor appealed from any denial of such a motion, his argument may not be considered. State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported.
Even if this court could do so, the following observations inCook, supra, at 412-413 render appellant's argument unpersuasive:
 [In State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, we held that "[e]xcept with regard to constitutional protections against ex post facto laws * * * felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." (Emphasis added.) Id., 37 Ohio St.3d at 281-282, 525 N.E.2d at 808.
* * *
 As to the dissemination of information regarding the offender's status, a conviction has always been public record.
Therefore, appellant's eleventh assignment of error also is overruled.
Appellant's twelfth assignment of error contends:
 THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
Appellant contends that pursuant to this court's decision inState v. Hooks (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported, the trial court improperly applied the provisions of R.C.2950.04 since the statute's effective date was subsequent to his sentencing.
Appellant is incorrect. This court's decision in Hooks
applies only to those cases where the offense was committed prior to January 1, 1997 but the offenders were sentenced during the period from January 1, 1997 to July 1, 1997. Thus, appellant's twelfth assignment of error is without merit.
Appellant's fourteenth assignment of error states:
 APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE HEARING COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR A PSYCHOLOGICAL EVALUATION BY AN EXPERT.
R.C. 2950.09(B)(1) provides, in relevant part:
 At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
Appellant contends that the trial court's denial of his motion seeking an authorization of defense expenditures for the purpose of hiring a psychological or psychiatric expert constitutes an abuse of discretion.
R.C. 2950.09(B)(1) expressly provides both the defendant and the state with an opportunity to present expert witnesses. Since the statute is not mandatory, this court will review the lower court's ruling applying an abuse of discretion standard. Thus, the court's role:
 * * * is to determine whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made. Wargo v. Price (1978), 56 Ohio St.2d 65, 10 O.O.3d 116, 381 N.E.2d 943. Not only is our role limited to review, but the review itself has narrow limits:
 "* * * We have repeatedly held `[t]hat the term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252.
Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122.
The only statutory authority for providing an expert at the state's expense is found in R.C. 2929.024, which applies to indigent defendants in capital cases. Still, the Ohio Supreme Court's treatment of R.C. 2929.024 is instructive. See State v.Weeks (1989), 64 Ohio App.3d 595.
In State v. Gumm (1995), 73 Ohio St.3d 413, the appellant received court-appointed funds for a mitigation psychologist; however, appellant argued that he should have been appointed funds for a "mitigation specialist." The court responded:
 An indigent defendant who seeks state-funded expert assistance bears the burden of establishing a reasonable necessity for such assistance, and "undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate." State v. Sowell (1991), 73 Ohio App.3d 672, 681, 598 N.E.2d 136, 142, quoting State v. Scott
(1987), 41 Ohio App.3d 313, 315, 535 N.E.2d 379, 382.
Gumm at 428. The court thus concluded that appellant was not constitutionally required to receive a "mitigation specialist."Gumm at 428.
Additionally, the court made a similar pronouncement in Statev. Esparza (1988), 39 Ohio St.3d 8, at the syllabus.
 A court, when requested by a defendant to order a presentence investigation or to appoint a psychologist or psychiatrist to conduct a mental examination pursuant to R.C. 2929.03(D)(1) and 2947.06, is not required by the Constitution or the provisions of R.C. 2929.024 to appoint a psychiatrist or psychologist of the defendant's own choosing. Rather additional expert services must be provided to an indigent defendant only if the court determines, within its sound discretion, that such services "are reasonably necessary for the proper representation of a defendant" at the sentencing hearing, pursuant to R.C. 2929.024.
See, also, Weeks at 598 (applying factors used by trial court in cases involving application of R.C. 2929.024 as guide to evaluating whether expert should be appointed for indigent defendant in noncapital cases.)
This court recognizes that although both Gumm and Esparza
address the appointment of experts for sentencing hearings, the Ohio Supreme Court held in Cook, supra, at 425, that "a sexual predator determination hearing is similar to sentencing or probation hearings." Thus, the appointment of an expert for appellant for a sexual predator determination hearing is analogous to the appointment of an expert for a sentencing hearing.
Appellant's motion sought to have the court authorize the expense of a psychological or psychiatric expert; however, appellant failed to offer any evidence that an expert would be "reasonably necessary" to properly represent appellant. The Weeks court recognized that:
 * * * [a]t a minimum, the indigent defendant must present the trial judge with sufficient facts with which the court can base a decision. * * * Undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate. (Citations omitted.) Scott, supra [at 41.]
Weeks at 598. Since appellant failed to provide any facts to support his contention that a psychological or psychiatric expert was necessary to his defense, the trial court did not err when it denied appellant's motion for such an authorization of defense expenditures.
Appellant's fourteenth assignment of error is overruled.
The judgment of the trial court regarding the constitutionality of H.B. 180 is affirmed. That portion of the court's order that determined appellant to be a "sexual predator" is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
This cause is affirmed in part and reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGE KENNETH A. ROCCO.
JOHN T. PATTON. P.J., MICHAEL J. CORRIGAN, J. CONCUR.
[1] This court notes that if no evidence in addition to that already in the record is adduced at an additional hearing, appellant should not be declared a "sexual predator."