JOURNAL ENTRY AND OPINION
Appellant, Jose Sanchez, appeals from the lower court's denial of post-conviction relief.
On March 5, 1991, the Cuyahoga County Grand Jury indicted appellant on a charge of engaging in a pattern of corrupt activity with an enterprise specification and violation of drug laws, R.C. 2923 and 2925.03. After a jury trial, defendant was found guilty of all charges. The court imposed a sentence of three to fifteen years actual time to life. On delayed appeal, this court affirmed appellant's convictions. State v. Sanchez
(June 9, 1994), Cuyahoga App. No. 62797, unreported.
On September 11, 1996, appellant filed a Petition to Vacate Sentence and Set Aside Judgment of Conviction, along with a request for an evidentiary hearing. In his petition, appellant alleges that his trial counsel, Jaime Serrat, was covertly representing the interests of co-defendant Jose Perez-Pina. In an attached affidavit, Jose Perez-Pina swears that he had retained attorney Serrat to represent him in trial. However, at trial, the attorney of record for co-defendant Perez-Pina was David Lambros.
Appellant also presents a copy of a check from attorney Serrat to "Ramon Emilio Puello Perez," who, according to the affidavit, is Jose Perez-Pina's uncle. Appellant submits that the sworn affidavit of co-defendant Perez-Pina and the copy of a check from attorney Serrat is proof of a conflict of interest held by attorney Serrat.
The Court of Common Pleas denied post-conviction relief in a Findings of Fact and Conclusions of Law filed on December 23, 1998. This appeal arises from the lower court's decision denying postconviction relief.
The facts underlying the action are stated in our initial review. See State v. Sanchez (June 9, 1994), Cuyahoga App. No. 62797, unreported.
We will address appellant's assignments of error in the order presented.
The first assignment of error states:
 I. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN THAT DURING TRIAL, DEFENSE COUNSEL ACTIVELY REPRESENTED CONFLICTING INTERESTS WHICH ADVERSELY AFFECTED COUNSEL'S REPRESENTATION OF APPELLANT.
Appellant contends that he was denied effective assistance of counsel based on a conflict of interest held by the trial counsel. Appellant alleges that his trial counsel, Jaime Serrat, covertly represented co-defendant, Jose Luis Perez-Pina. Appellant bases his contention on evidence dehors the record, alleging the evidence proves attorney Serrat is the "house lawyer" for a drug enterprise. As such, appellant alleges, attorney Serrat was primarily concerned with representing the interests of defendant Perez-Pina, not those of appellant.
The state contends that the doctrine of res judicata bars appellant's claim of conflict of interest. The State further contends that even if the doctrine of res judicata does not apply, appellant has failed to show that he received ineffective assistance of counsel.
In the syllabus of State v. Perry (1967), 10 Ohio St.2d 175, the court stated:
* * *
 Constitutional issues cannot be considered in post-conviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel. * * *
* * *
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from the judgment, any defense or any claimed lack of due process that was raised by the defendant at the trial,
which resulted in the judgment of conviction, or an appeal from that judgment. (Emphasis in original.)
Furthermore, in State v. Sowell (1991), 73 Ohio App.3d 672,679, the Hamilton County Court of Appeals stated:
 A claim of ineffective assistance of counsel presented in a post-conviction petition may be dismissed under the doctrine of res judicata when the petitioner, represented by new counsel on direct appeal, has failed to raise on appeal the issue of trial counsel's competence and the issue could fairly have been determined without evidence dehors ethe record.
See, also, State v. Griffin (Oct. 21, 1999), Cuyahoga App. No. 74932, unreported.
In the case sub judice, appellant claims that attorney Serrat represented him and his brother while secretly representing co-defendant Perez-Pina. The record does not support this contention. The record shows that co-defendant Perez-Pina was represented by attorney Lambros. Furthermore, appellant's initial claim of ineffective assistance due to trial counsel's conflict of interest was rejected on direct appeal. State v. Sanchez (June 9, 1994), Cuyahoga App. No. 62797, unreported.
In accordance with Perry and Sowell, appellant's first assignment of error is barred by the doctrine of res judicata.
Assuming, arguendo, that appellant's conflict of interest claim was not barred by the doctrine of res judicata, the United States Supreme Court established a two-prong test for proving ineffective assistance of counsel: 1) the defendant must show that the counsel's performance was deficient, and 2) the counsel's deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 697. In the case sub judice, appellant has failed to show that the alleged conflict of interest prejudiced his defense.
To establish prejudice, the appellant must demonstrate with reasonable probability that, but for counsel's deficiency, the outcome of the matter would have been different. State v. Bradley
(1989), 42 Ohio St.3d 136, 141. On direct appeal, this court stated that had attorney Serrat maintained a conflict of interest, the appellant was not prejudiced by the conflict. In assessing the strength of the prosecution's case, Judge Porter explained that "[t]he state had ample cooperative testimony from other members of the drug ring who were willing and did testify at trial against [appellant]." State v. Sanchez, supra, 28. In light of the cooperative testimony available to the prosecution, it is highly unlikely that the outcome of the matter would have been different.
Appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 II. THE TRIAL COURT PREJUDICIALLY ERRED BY DISMISSING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING TO DETERMINE THE TRUTH OF HIS ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL, DUE TO COUNSEL REPRESENTING CONFLICTING INTERESTS.
R.C. 2953.21(C) provides that in determining whether to grant a hearing on a petition for post-conviction relief, a court shall determine whether there are substantive grounds for relief based on the petition, the supporting affidavits, the documentary evidence and the files, and the records pertaining to the proceedings. The Ohio Supreme Court has held that R.C. 2953.21
"does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." State v. Jackson (1980), 64 Ohio St.2d 107, 110. In the case sub judice, due to the lack of sufficient facts, the trial court was not required to hold an evidentiary hearing.
Appellant's second assignment of error is without merit.
For the foregoing reasons, we affirm the judgment of the trial court.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: AFFIRMED.
 _________________________ JAMES D. SWEENEY, JUDGE
ANNE L. KILBANE, J., CONCURS; DIANE KARPINSKI, P.J., CONCURS IN JUDGMENT ONLY.