I concur in judgment only with most of the majority opinion. However, I must dissent with the majority's modification of the trial court's order to a dismissal without prejudice.
I agree that the trial court erred in dismissing appellant's case with prejudice for failure to prosecute. Nevertheless, "where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275, 284. See, also, State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92. Thus, when a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial. State v. Payton (1997), 124 Ohio App.3d 552, 557.
This case should have been dismissed with prejudice before trial based upon appellant's failure to obtain an expert report. In an action for legal malpractice, expert testimony is required to establish professional standards of performance. McInnis v. Hyatt Legal Clinics (1984),10 Ohio St.3d 112, 113.
In the instant case, appellant failed to obtain a legal expert witness. Appellant in effect argues that the trial court was under some duty to appoint an expert witness. Although a criminal defendant may have a right to a court-appointed expert witness in limited circumstances, see State v. Sowell (1991), 73 Ohio App.3d 672, 681, there is no authority mandating the appointment of an expert for an indigent or imprisoned plaintiff in a civil case.
Appellant's failure to obtain an legal expert witness on his own is fatal to his complaint. Therefore, the underlying case was properly dismissed with prejudice and the judgment of the trial court should be affirmed without modification.